IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EXPERT MICROSYSTEMS,

        Plaintiff,                    No. 2:09-cv-0586 WBS JFM

    vs.

UNIVERSITY OF CHICAGO and
ARCH DEVELOPMENT CORP.,

        Defendants.               ORDER

                                          /

Plaintiff's motion for jurisdictional discovery came on regularly for hearing July 2, 2009. John W. Carpenter appeared for plaintiff. Brian D. Fagel appeared telephonically for defendants. Upon review of the motion and the documents in support and opposition, upon hearing the arguments of plaintiff and counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

Plaintiff seeks leave of court to conduct jurisdictional discovery. Defendants contend that jurisdictional discovery will be "enormously burdensome" and will be moot if defendants' motion to transfer[1] this case under 28 U.S.C. § 1404(a). (Jt. Stmt. at 2.)

---

[1] Because defendants' motion to transfer or, in the alternative, to dismiss, is pending before the district court, the undersigned does not have jurisdiction to hear defendants' request to bifurcate defendants' motion. Defendants must present their request to the district court.

1

1    Rule 26(d) of the Federal Rules of Civil Procedure provides that parties may be
2    permitted to engage in discovery before the parties have conferred pursuant to Fed. R. Civ. P.
3    26(f), when authorized by the rules or by court order. Fed. R. Civ. P. 26(d). Rule 26(b)(1)
4    provides that "the [p]arties may obtain discovery regarding any nonprivileged matter that is
5    relevant to any party's claim or defense. . . ." Fed. R. Civ. P. 26(b)(1).

> Courts are afforded a significant amount of leeway in deciding whether parties may conduct discovery relating to jurisdictional issues while a motion to dismiss is pending. "It is clear that the question of whether to allow discovery is generally within the discretion of the trial judge. However, where pertinent facts bearing on the question of jurisdiction are in dispute, discovery should be allowed." America West Airlines, Inc. v. GPA Group, Ltd., 877 F.2d 793, 801 (9th Cir.1989) (citations omitted). See also Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406 (9th Cir.1977) (finding that "[d]iscovery . . . 'should be granted where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary.' ") Id. at 430 n. 24 (citing Kilpatrick v. Texas & P. Ry., 72 F.Supp. 635, 638 (S.D.N.Y.1947)); Data Disc, 557 F.2d at 1285 n.1 (same). Nevertheless, it is not an abuse of judicial discretion to deny discovery before dismissing on jurisdictional grounds "when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." Wells Fargo, 556 F.2d at 430 n.24.

Orchid Biosciences, Inc., v. St. Louis University, 198 F.R.D. 670, 672-73 (S.D. Cal. 2001).

17    In the instant action, defendants contend that defendant ARCH does not have
18    sufficient contacts with the forum state for this court to exercise both general and specific
19    personal jurisdiction over defendant. (Jt. Stmt. at 6.)

20    Federal courts are split on whether plaintiff must establish a prima facie case of
21    personal jurisdiction over defendant before obtaining even limited jurisdictional discovery.
22    Orchid Biosciences, 198 F.R.D. at 672-73 (prima facie showing not required); Walk Haydel &
23    Assocs., Inc. v. Coastal Power Prod. Co., 517 F.3d 235, 242 (5th Cir. 2008) (prima facie showing
24    not required); but see Medical Solutions, Inc. v. C Change Surgical, LLC, 541 F.3d 1136, 1142
25    (Fed. Cir. 2008) (prima facie showing required before jurisdictional discovery allowed); Ellis v.
26    Fortune Seas, Ltd., 175 F.R.D. 308, 312 (S.D. Ind. 1997) (prima facie showing required).

1  It appears the Court of Appeals for the Ninth Circuit has not yet addressed this
2  issue.  However, where the instant action intimately involves the substance of patent laws, the
3  law of the Court of Appeals for the Federal Circuit should apply in deciding whether the court
4  should exercise personal jurisdiction.  See Inamed Corp. v. Kuzmak, 249 F.3d 1356 (Fed. Cir.
5  2001).  Thus, this court will determine whether plaintiff has made a prima facie showing of
6  jurisdiction.

> Exclusive license agreements with respect to the patents at issue
> with residents of the forum, for example, have, at least in some
> circumstances, been held sufficient to confer personal jurisdiction.
> Inamed, 249 F.3d at 1361, 58 USPQ2d at 1777; Genetic Implant
> Sys., 123 F.3d at 1458, 43 USPQ2d at 1789; Akro, 45 F.3d at
> 1546, 33 USPQ2d at 1509.

11  Silent Drive, Inc. v. Strong Industries, Inc., et al., 326 F.3d 1194 (Fed. Cir. 2003); Dainippon
12  Screen Mfg. Co., Ltd. v. CFMT, Inc., 142 F.3d 1266, 1271 (Fed. Civ. 1998).  Moreover, "a court
13  which has jurisdiction over a corporation has jurisdiction over its alter egos."  Minnesota Mining
14  Mfg. Co. v. EcoChem, Inc., 757 F.2d 1256, 1265 (Fed. Cir. 1985).

15  Here, plaintiff has submitted numerous documents that are publicly available.
16  (See May 19, 2009 Mem. P's & A's at 7-16; May 20, 2009 Carpenter Decl.)  Specifically,
17  plaintiff has provided registration statements obtained from the U.S. Securities and Exchange
18  Commission that reflect defendant ARCH holds ownership interest in, and entered into patent
19  licensing for royalty revenue agreements with, numerous California corporations.  (May 19,
20  2009 Mem. P's & A's at 7-13; May 20, 2009 Carpenter Decl., Ex. A.)  The registration statement
21  for R2 Technology, Inc. also demonstrates that defendant ARCH executive employees served or
22  serve on R2's Board of Directors.  (May 19, 2009 Mem. P's & A's at 7; May 20, 2009 Carpenter
23  Decl., Ex. A.)

24  Pages from the Advanced Lubrication Technology, Inc. ("ALT") internet website
25  reflect that
26  /////

>> ALT acquired exclusive rights to certain patents based on discoveries made at Argonne National Laboratory, where the technology had been honored with the prestigious R&D 100 award."

(Carpenter Decl., at 5.)  The Evergreen America Corporation ("Evergreen") internet website shows Evergreen is a distributor of ALT products.  (Id.)  Evergreen further states:

> In 1995 Argonne's business development affiliate, ARCH Development Corp., granted exclusive rights to develop, produce and distribute boron products to Advanced Lubrication Technology of Encino, CA.

(Id.)

Plaintiff also contends that defendant ARCH is an alter ego of defendant University of Chicago.  Defendant University of Chicago has not challenged personal jurisdiction.  Plaintiff has provided copies of pages from the University of Chicago Office of Technology & Intellectual Property ("UChicagoTech") internet website which state UChicagoTech has taken over ARCH.  (Carpenter Decl. at 5-6.)  One internet page states:

> <u>Relationship between UChicagoTech and ARCH Development Corporation</u>
> ARCH Development Corporation, a wholly owned 501(c)3 affiliate of the University of Chicago handled all of the University's intellectual property matters between 1986 and June 30th, 2001.  UChicagoTech, a unit of the Provost's office, was created on July 1st, 2001.  The University, acting through UChicagoTech, henceforth carries out all licensing and other actions required for the transfer of technology, either in the name of the University or of ARCH.

(Carpenter Decl. at 6.)

All of the public documents provided by plaintiff make a prima facie showing of personal jurisdiction[2] under both theories of exclusive licensing and alter ego.  <u>Silent Drive</u>, 326 F.3d 1194; <u>Dainippon Screen</u>, 142 F.3d at 1271; <u>Minnesota Mining</u>, 757 F.2d at 1265.

---

[2] Because California's long-arm statute is coextensive with the limits of due process, <u>see</u> Cal.Civ.Proc.Code § 410.10, <u>Fireman's Fund Ins. Co. v. National Bank of Coops.</u>, 103 F.3d 888, 893 (9th Cir.1997), the two inquiries collapse into a single inquiry:  whether jurisdiction comports with due process.  See <u>Akro</u>, 45 F.3d at 1544-45, 33 USPQ2d at 1508.

1	Plaintiff bears the burden of proving the court's jurisdiction and should be given
2	the opportunity to discover facts supporting the jurisdictional allegations in the complaint.  It is
3	an abuse of discretion to dismiss for lack of subject matter jurisdiction without giving plaintiff
4	reasonable opportunity, if requested, to conduct discovery for this purpose.  <u>Laub v. United
5	States Dept. of Interior</u>, 342 F.3d 1080, 1093 (9th Cir. 2003)("discovery should be granted when,
6	as here, the jurisdictional facts are contested or more facts are needed.")
7	Accordingly, plaintiff's motion will be granted.  However, discovery will be
8	limited to (1) defendant ARCH's substantial, continuing and systematic contacts with the State of
9	California and (2) the alter ego relationship between defendant University of Chicago and
10	defendant ARCH.
11	IT IS HEREBY ORDERED that plaintiff's May 19, 2009 motion for
12	jurisdictional discovery is granted, subject to the limitations set forth above.
13	DATED:  July 2, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

/001; expertmicro.oah